Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MAYRIM VILLALOBOS SOLÍS, ET ALS. <br><br> Parte Recurrida <br><br> v. <br><br> ARQUIDIÓCESIS DE SAN JUAN BAUTISTA DE LA IGLESIA CATÓLICA, ROMANA Y APOSTÓLICA, INC.; COLEGIO NUESTRA SEÑORA DE BELÉN; JESÚS ANTONIO CANALES BRUNO; MENGANO DE TAL y ASEGURADORAS XYZ <br><br> Parte Peticionaria | TA2025CE00850 TA2025CE00851 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón <br><br> Caso Núm.: GB2021CV00123 <br><br><br> Sobre: Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Rodríguez Flores y la Jueza Boria Vizcarrondo.[1]

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de diciembre de 2025.

Atendida la *Moción en auxilio de jurisdicción* presentada por Colegio Nuestra Señora de Belén en el recurso TA2025CE00850 y la *Moción en auxilio de jurisdicción* presentada en el recurso TA2025CE00851 por la Arquidiócesis de San Juan, resolvemos:

**No Ha Lugar** a ambas solicitudes en auxilio de jurisdicción. Habida cuenta que los recursos presentados están relacionados, se ordena la consolidación de estos.

En cuanto a la *Solicitud de Certiorari* presentada por el Colegio Nuestra Señora de Belén en el recurso TA2025CE00850, **denegamos** su expedición. De igual forma, **denegamos** la expedición de la *Petición de Certiorari* presentada por la

---

[1] Mediante Orden Administrativa OATA-2025-236 de 2 de diciembre de 2025, se designó a la Hon. Lersy Boria Vizcarrondo en sustitución de la Hon. Camille Rivera Pérez.

Arquidiócesis de San Juan en el recurso TA2025CE00851. Luego de analizar el expediente apelativo y la fundamentada *Resolución* del TPI a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones,[2] no encontramos razón por la cual este Foro deba intervenir antes de la vista pautada para la tarde de hoy.[3] Al examinar el proceder del foro primario, no identificamos que haya actuado de manera arbitraria, prejuiciada o haya cometido un craso abuso de discreción.

Por tratarse de una negativa, no se requiere fundamentar la misma conforme a la Regla 52.1 de Procedimiento Civil.[4]

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Rodríguez Flores emite un voto de conformidad y disidente por escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

[3] Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, que nos permite "[p]*rescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante* [nuestra] *consideración, con el propósito de lograr su más justo y eficiente despacho* [...]". *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 13-15, 215 DPR __ (2025).

[4] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MAYRIM VILLALOBOS SOLIS Y OTROS<br><br>Demandantes-Recurrida<br><br>Vs.<br><br>ARQUIDIÓCESIS DE SAN JUAN BAUTISTA DE LA IGLESIA CATÓLICA, ROMANA Y APOSTÓLICA, INC. Y OTROS<br><br>Demandados-Peticionaria | TA2025CE00850<br><br>consolidado<br><br>TA2025CE00851 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. GB2021CV00123<br><br>Sobre: Acometimiento o Agresión |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Rodríguez Flores y la Jueza Boria Vizcarrondo[5]

**VOTO DE CONFORMIDAD Y DISIDENTE
DEL JUEZ RODRÍGUEZ FLORES**

En San Juan, Puerto Rico, a 3 de diciembre de 2025.

En cuanto al *certiorari* **TA2025CE00850**, estoy conforme con denegar el recurso dada la redacción de los dos (2) errores allí esbozados. No obstante, entiendo que lo resulto en *Pueblo v. Lugo López*, 214 DPR 660 (2024), es totalmente distinguible del caso de autos. Por otro lado, de aplicarse *Pueblo v. Lugo López,* supra, estoy convencido que la prueba que el Tribunal de Primera Instancia (TPI) ordenó descubrir a los codemandados (eventos del 14 de marzo de 2025) para la celebración de la vista conforme la Regla 109 de Evidencia, si existiese alguna, sería una remota a la luz de la jurisprudencia antes citada. Por último y en apoyo a mi postura, resalto que el señor Jesús Canales Bruno, el cual fue procesado

---

[5] Mediante la Orden Administrativa OATA-2025-236 del 2 de diciembre de 2025, se designa a la Hon. Lersy G. Boria Vizcarrondo en sustitución de la Hon. Camille Rivera Pérez por haber dejado de ejercer funciones como Jueza del Tribunal de Apelaciones.

criminalmente por hechos relacionados y resultó absuelto, no es una parte demandada en el presente caso civil.

Por lo anterior, me resulta inadecuado que Marielle Cardona pretenda probar su causa de acción en daños utilizando el testimonio que vertió durante el proceso criminal únicamente contra el señor Jesús Canales Bruno. ¿Cómo salvaguardamos el debido proceso de ley de la Arquidiócesis de San Juan y del Colegio Nuestra Señora de Belén, los cuales no participaron del proceso criminal?

En cuanto a la vista de necesidad propuesta y superado el hecho que Marielle Cardona no fuera **actualmente** incapaz de declarar, esta tiene que cooperar con los descubrimientos de prueba, además de establecer con qué prueba cuenta para probar su caso. En ausencia de una o ambas premisas el único curso decisorio debe ser la desestimación de su causa de acción. Al momento, del expediente judicial no surge para el suscribiente indicio que me lleven a concluir otra cosa que no sea la desestimación de su causa de acción.

En cuanto al **TA2025CE00851**, disiento con la mayoría al denegar. Yo hubiera expedido y revocado para dejar sin efecto la vista de necesidad. Sin duda, la entrega del expediente de la Dra. Del Mar Torres fue tardío y pone en desventaja a la codemandada de prepararse adecuadamente para la vista de necesidad conforme la Regla 109 de Evidencia.

Por las razones antes expuestas, muy respetuosamente, y para ser consistente con mi disenso en el TA2025CE00851, decretaría la paralización de las vistas señaladas para los días 3 y 4 de diciembre de 2025 y permitiría un descubrimiento de prueba más amplio solamente para la vista de necesidad.

FERNANDO L. RODRÍGUEZ FLORES
Juez de Apelaciones